UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | |
| GRE3N, LLC, et al. | NO. 24-22-JWD-SDJ |

## ORDER

Before the Court is a Motion to Stay Discovery Pending Resolution of Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (R. Doc. 12), which was filed on March 11, 2024, by Defendants Gre3n, LLC; Isiah Lord Thomas, III; Lynn Thomas; and Isiah International, LLC. In their Motion to Stay, Defendants seek a stay of discovery in this case pending resolution of their pending Motion to Dismiss (R. Doc. 11). Plaintiff opposes this Motion to Stay, filing an Opposition on April 19, 2024 (R. Doc. 20). Defendants, with leave of Court, filed a Reply in Support of Their Motion to Stay (R. Doc. 26) on May 8, 2024. As set forth below, Defendants' Motion to Stay Discovery is **granted**, and discovery in this proceeding will be stayed pending resolution of Defendants' Motion to Dismiss.

Under Federal Rule of Civil Procedure 26(c), a "court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Fujita v. U.S.*, 416 F. App'x 400, 402 (5th Cir. 2011). Per this requirement, the burden is on the movant to show the "necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "A trial court has broad discretion and inherent

power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Here, Defendants assert there is good cause to grant their Motion because the pending Motion to Dismiss, if granted, would result in the dismissal of all claims against Defendants Isiah Thomas, Lynn Thomas, and Isiah International, LLC, as well as dismissal of three of the four counts made against Defendant Gre3n.[1] As argued by Defendants, staying discovery "promotes efficiency and saves expenditure of resources" and is "in the interest of efficiency and judicial economy."[2] Per Defendants, "if the Motion is granted, in whole or in part, the parties that are subject to discovery obligations, and the claims and allegations for which discovery will be necessary, will be substantially different (and more truncated) than as currently would be necessitated through the pending Complaint."[3]

In response, Plaintiff argues that it will be prejudiced by having discovery stayed as to Gre3n because it "has ceased business operations and is in the process of winding down."[4] Per Plaintiff, because Gre3n is "winding down," "there is a clear risk that evidence may be spoiled during any delay, including witness testimony."[5] With regard to the other Defendants, Plaintiff argues only that Defendants have not met their burden of "showing good cause and reasonableness for the stay."[6] Plaintiff continues, arguing that a stay would be "prejudicial as it would cause an unnecessary and unreasonable delay in the litigation."[7]

---

[1] R. Doc. 12 at 2.
[2] *Id*.
[3] *Id.*
[4] R. Doc. 20 at 4.
[5] *Id.*
[6] *Id.* at 5.
[7] *Id.* at 6.

The instant matter is still in its infancy. No Scheduling Order has yet been entered, and, to the Court's knowledge, no discovery has yet been conducted.[8] As such, the Court finds no party will be prejudiced by staying discovery. Moreover, if the Motion to Dismiss is granted, three of four Defendants in this case will be dismissed, as well as all but one claim against the remaining Defendant, Gre3n, thereby significantly narrowing the scope of the litigation and, necessarily, of discovery. The Court finds that Defendants have demonstrated good cause, from both an efficiency and economic standpoint, to stay discovery in this matter pending resolution of Defendants' pending Motion to Dismiss. *See Sibley v. Touro LCMC Health*, No. 22-4757, 2024 WL 708191 (E.D. La. Feb. 21, 2024) (granting motion to stay discovery while motion to dismiss is pending, finding it "appropriate to conserve the resources of the parties").

As a final note, the Court recognizes Plaintiff's concern about potential spoliation of evidence in light of the fact that Gre3n is closing its business. However, Plaintiff has provided no evidence or argument indicating that Gre3n, who has been named a party in active litigation, is not properly preserving any information potentially relevant to this proceeding. The Court finds this argument without merit but reminds Gre3n of its obligation to preserve evidence. *See Etheridge v. Dolgencorp LLC*, --- F.Supp.3d ---, 2023 WL 6882747, at *3 (E.D. La. Oct. 18, 2023) ("The obligation to preserve evidence kicks in when the party charged with spoliation should have reasonably anticipated litigation.").

Accordingly,

---

[8] The Court acknowledges that after the instant Motion was filed, Plaintiff propounded discovery on Defendants, which discovery is the subject of a Motion to Quash currently pending before the Court.

**IT IS ORDERED** that the Motion to Stay Discovery Pending Resolution of Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (R. Doc. 12) is **GRANTED**.  Discovery in this matter is **STAYED** pending resolution of Defendants' Motion to Dismiss (R. Doc. 11).

**IT IS FURTHER ORDERED** that upon resolution of the pending Motion to Dismiss (R. Doc. 12), the remaining parties must file a motion to set a scheduling conference within seven (7) days of said ruling.

Signed in Baton Rouge, Louisiana, on June 27, 2024.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**